UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>              v.<br><br>Wayne Hicks,<br>Brian Thomas, and<br>Jordan Woodbine,<br><br>              *Defendants.* | **Protective Order**<br><br>S2 21 Cr. 293 (CS) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's Disclosure Material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

4. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

5. Sensitive Disclosure Material shall be disclosed only on an "attorney's eyes only" basis.

6. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

2

7. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, including pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices, storage media, and electronic accounts. By consent of counsel for the defendants, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain Disclosure Material (the "Seized ESI Disclosure Material"), with complete device/account contents (inclusive of information determined not to be responsive to warrants) being deemed Sensitive Disclosure Material. Counsel may review the Seized ESI Disclosure Material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the Seized ESI Disclosure Material except as otherwise set forth under this Order. For Seized ESI Disclosure Material that the Government identifies as Disclosure Material but is not Sensitive Disclosure Material, the Government will make a separate production.

9. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including the Seized ESI Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion

3

made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

4

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ Josiah Pertz                              Date: _____
    T. Josiah Pertz/Derek Wikstrom
    Assistant United States Attorneys

_____                         Date: 7/28/2022
Bruce Koffsky
Counsel for Wayne Hicks


_____                         Date: _____
Daniel A. Hochheiser
Counsel for Brian Thomas


_____                         Date: _____
Michael Kennedy Burke Counsel
for Jordan Woodbine


SO ORDERED:

Dated: White Plains, New York
        _____, 2022

                                              THE HONORABLE CATHY SEIBEL
                                              UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: __/s/ Josiah Pertz_____    Date: _____
 T. Josiah Pertz/Derek Wikstrom
 Assistant United States Attorneys


_____    Date: _____
Margaret Shalley
Counsel for Wayne Hicks


_____    Date: 7/25/2022
Daniel A. Hochheiser
Counsel for Brian Thomas


_____    Date: _____
Michael Kennedy Burke
Counsel for Jordan Woodbine


SO ORDERED:

Dated: White Plains, New York
        _____, 2022

                                    _____
                                    THE HONORABLE CATHY SEIBEL
                                    UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: __/s/ Josiah Pertz_____ Date: 7/25/2022
    T. Josiah Pertz/Derek Wikstrom
    Assistant United States Attorneys

_____ Date: _____
Margaret Shalley
Counsel for Wayne Hicks

_____ Date: _____
Daniel A. Hochheiser
Counsel for Brian Thomas

__/s/ Michael Burke /TJP by permission__ Date: 7/25/2022
Michael Kennedy Burke
Counsel for Jordan Woodbine

SO ORDERED:

Dated: White Plains, New York
    _____August 2_____, 2022

*Cathy Seibel*
_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

5