> The motion for return of the cell phone is denied for the reasons stated by the Government in its letter of 9/27/24, without prejudice to renewal once Defendant's conviction is final and the time for collateral attack has run (or any collateral attack is concluded). The Clerk of Court is respectfully directed to send a copy of this endorsement to Wayne Hicks, No. 68251-509, FCI Otisville, Federal Correctional Institution, P.O. Box 1000, Otisville, NY 10963 and to terminate ECF No. 159.
> SO ORDERED.
> *Cathy Seibel* 2/5/25
> CATHY SEIBEL, U.S.D.J.



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(WHITE PLAINS DIVISION)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL CASE |
| Plaintiff | § | No. 7:21-cr-293-3 |
| | § | |
| v. | § | |
| | § | |
| WAYNE HICKS | | Hon. Cathy Seibel |
| Defendant | | U.S. District Judge |

## MOTION FOR THE RETURN OF PROPERTY
## PURSUANT TO FED. R. CRIM. P 41(g)

Defendant Wayne Hicks, proceeding pro se, files his motion for the Return Of Property, pursuant to Federal Rule of Criminal Procedure 41(g), for the return of personal property including a cell phone seized from him by Federal Bureau of Investigation ("FBI") agents at the time of his arrest on October 6, 2021. Although the government has released some of the items seized, Defendant seeks the release of all of the property he is entitled as stipulated in a forfeiture proceeding initiated during the time of his arrest.

I. BACKGROUND

The Defendant was arrested on October 6, 2021 and convicted after his acceptance of a guilty plea on September 7, 2023, of Hobbs Act Robbery Conspiracy, Travel Act Crime of Violence and Conspiracy to Distribute Marijuana related offenses in violation of 18 U.S.C. Section 1951(b)(1); 18 U.S.C. Section(b)(3); N.Y.P.L. § 120.05(2); 18 U.S.C. Section 1952 and 2; 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). He was subsequently sentenced on April 4, 2024 to a term of 204

1

months imprisonment, followed by a term of supervised release and a fine. At the scene of Defendant's arrest, agents seized a number of items. Among the items seized were a black/grey sholder bag, a black and grey wallet, an cell phone (i phone), valid drivers license and misc cards (5). Although Defendant's cell phone was confiscated from his person at the time of his arrest which was subsequently used during the government's investigation, no record of the phone appear on the record. Exhibit. A- Receipt of Property.

## II. DICUSSION

The Defendant move for the return of property, specifically an i-12 cell phone, that was seized as part of the federal investigation of this matter. The government "must" follow established procedures when it intends to forfeit currency or other seized items. See 21 U.S.C. § 881(b) & (d); 18 U.S.C. § 981(b); 19 U.S.C. §§ 1600-19; Fed. R. Crim. P. 41(g).

Federal law requires that any seizure of property that may be subject to forfeiture be made according to a warrant or an exception to the warrant requirement, 18 U.S.C. § 981(b); that "any motion for return of property" be made in the district court for the district where the property was seized, 18 U.S.C. § 981(b)(3); and that government officals conducting civil forfeitures follow rules governing forfeiture by custom officals. 21 U.S.C. § 881(d) Those rules require, inter alia, that notice be sent to each party who may have an interest in the property seized and subject to forfeiture. 19 U.S.C. § 1607. Defendant's motion alleges that the government has not commenced forfeiture proceedings in accordance with statue, or if it has, he was not notified.

Defendant also contends that, since the government's **criminal investigation** and prosecution ha sbeen concluded the seized cell phone

should be returned along with the rest of the property seized during the time of his arrest. Federal Rule of Criminal Procedure 41(g) provides that "A person aggrieved by an unlawful search and seizure of property or **by the deprivation of property may move for the property's return**. The motion must be filed in the district where the property was seized. The Court must receive evidence on any factual issue necessary to decide the motion.

The record shows that Defendant's cell phone was seized initially during his arrest. Evidence also shows that, although the phone was used in the government's investigation it was never properyly documented to account with other otems seized on defendant's Receipt of Property form. Exhibit. A- Receipt of Property Form. The proper avenue for a return of property seized by the federal government as part of a criminal investigation is by motion in the district court that has jurisdiction over the place where the property was seized. 18 U.S.C. § 981(b)(3); Fed. R. Crim. P. 41(g); see also United States v. Dusenbery, 201 F. 3d 763 (6th Cir. 2000). Consequently, this Court has jurisdiction to order the return of Defendant's property.

The property at issue in this case was seized pursuant to Defendant's criminal prosecution on October 6, 2021. There is a five-year statue of limitation on an administrative forfeiture proceeding as well as on a motion for return of property pursuant to Rule 41(g), 19 U.S.C. § 1621; Dusenbery, 201 F. 3d 763. Further, the three-year period between the seizure of property and the motion for its return is timely and is not unreasonable. Here, Defendant contends that he has never received any notice that the government intends to institute civil forfeiture proceeding's against the missing cell phone.

### III. RETURN of Located Property

It is well settled that the district court where defendantis tried has ancillary jurisdiction to decide the defendant's post-trial

3

motion for return of seized property. See Rufu v. United States, 20 F. 3d 63, 65 (2d Cir. 1994)(citations omitted). Such a motion pursuant to to Rule 41(g) of the Federal Rules of Criminal Procedure is treated as a claim for civil equitable relief. Boero v. DEA, 111 F. 3d 301, 303 (2d Cir. 1997). In cases where the property is still in the government's possession, the district court can order the equitable relief sought: the return of the property to its rightful owner.

In the instant case, most of Defendant's property was inventoried as shown on the Receipt for Property form attached. After Defendant's mother retreived the said items from the government's property warehouse that the cell phone seized during the time of his arrest was missing. Chapion v. Artuz, 76 F. 3d 483, 486 (2d Cir. 1996). The motion may be granted only if the undisputed facts show that the moving party is entitled to a judgement as a matter of law.

WHEREFORE, Defendant Wayne Hicks prays that the Court grant the relief sought in this Rule 41(g) Motion. The Government's continued custody of the device seized in this case is inconvenient to Defendant and unreasonable.

Executed on this 21st day of August, 2024.

_____
Mr. Wayne Hicks, pro se
Defendant

CERTIFICATE OF SERVICE

I Wayne Hicks, pro se Defendant, certify that on August 21, 2024, I caused to be mailed, postage prepaid, an exact copy of Defendant's Motion For Return of Property to the Office of the Clerk, United States Courthouse, 300 Quarropas Street, White Plains, New York 10601-4150 and The United States Attorney's Office, 300 Quarropas Street, White Plains, New York 10601-4150.

Submitted on this 21st day of August, 2024.

*[signature]*
Mr. Wayne Hicks, pro se
Defendant

FD-597 (Rev. 4-13-2015)

Page ____ of ____

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
# Receipt for Property

Case ID: _____

On (date) 7/3/24 1730 hours

item(s) listed below were:
- [ ] Collected/Seized
- [ ] Received From
- [x] Returned To
- [ ] Released To

(Name) Corinna Thorpe

(Street Address) _____

(City) _____

Description of Item(s): Black/Gray shoulder bag, black/grey wallet, driver license and misc cards (5)

Received By: _(Signature)_

Printed Name/Title: Corinna Thorpe

Received From: _(Signature)_

Printed Name/Title: TFO Richard Cuprano

FEDERAL CORRECTIONAL INSTITUTION.
OTISVILLE, NY 10963
DATE: 8/22/24

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the address above.

WAYNE HICKS #68251-509
FCI-OTISVILLE
P.O. BOX 1000
Otisville, New York 10963

RECEIVED
AUG 26 2024
U.S.D.C.
W.P.

WESTCHESTER
23 AUG 2024

OFFICE OF THE CLERK
U.S. Courthouse
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

LEGAL MAIL

LEGAL MAIL